OF THE

## STATE OF ILLINOIS,

DELIVERED

### JUNE TERM, 1840, AT SPRINGFIELD.

---

THE STATE OF ILLINOIS, plaintiff in error, *v.* JOHN
EVANS, defendant in error.

*Error to Edgar.*

Under the *Act concerning the Right of Way*, &c., in ascertaining the damage
which will accrue to the claimant, the benefit that will result to the claimant's
land, from the construction of the road, is to be enquired into, and not that
which may result from its location.

*Semble*, That by the appropriation of the land of an individual, to the use of the
public, under the Internal Improvement law, and the *Act concerning the Right
of Way*, the land thus taken becomes vested in the State, upon payment of the
damages, and the original owner is from thenceforth divested of all right and
title to the same.

ON application of M. K. Alexander, a Commissioner of the
Board of Public Works, for the 4th Judicial Circuit, S. Connely, a
justice of the peace of Edgar county, appointed three householders
to assess the damages which John Evans, the defendant in error,
would sustain, over and above the additional value which his lands
would derive, from the construction of the branch of the Central
Rail Road, across the lands of Evans. The damages were as-
sessed by them at one cent. Evans appealed to the Circuit Court,
and at the March term, 1839, the Hon. Justin Harlan presiding, a
judgment was rendered in favor of Evans, against the State, for
$325, and costs of suit. The cause was brought to this Court by
writ of error.

U. F. LINDER, for the plaintiff in error.

O. B. FICKLIN, for the defendant in error.

WILSON, Chief Justice, delivered the opinion of the Court :

Under the Internal Improvement law, Alexander, as one of the Commissioners of the Board of Public Works, located a railroad over the land of John Evans ; and upon a claim for damages, made by Evans, on account of the construction of the road over his land, a trial was had to ascertain the amount of damages Evans was entitled to recover, under the provisions of the act of 1833, " *Concerning the Right of Way.*" (1) On the trial a question arose, as to the rule by which the jury should be governed, in assessing the damages of the claimant. The commissioner offered to prove the enhanced value of the land and timber of the claimant, by reason of the location of the road through his land. This evidence the Court rejected, and decided that the proper question to be put to the witness, was, " Is the injury done to the land and timber of the claimant, by the construction of the road, greater than the benefit, and if so, how much ?" The Court also decided, " that the supposed enhanced value of the land, by the location of the road, was not to be taken into the account." To this opinion the agent of the State excepted.

Upon a view of the whole of this case, we are of opinion that the decision of the Court was correct. The law authorizing the taking of the land of an individual, by authority of the State, for the construction of a road or other public works, provides, that when the damages claimed by the owner of the land, cannot be agreed upon by him and the agent of the State, that the same shall be assessed by three householders; and if their decision is not satisfactory, either party may take an appeal to the Circuit Court. The criterion of damages is the same in either mode of assessment, and is clearly pointed out by the oath required to be taken by the assessors, which is, " that they shall assess the damages which they shall believe such owner or owners will sustain, over and above the additional value which such land will derive from the construction of such road." According to this oath, it will be perceived that the assessors are to take into consideration the probable increase of value, that will accrue to the land of the claimant from the construction of the road. It is not the benefit that will accrue from the location of the road, that they are to enquire into. It is the benefit which will result from its construction, that they are to ascertain.

The law does not contemplate so improbable a contingency as that the mere survey or location of a road, that may never be made, will enhance the value of land contiguous to it.

(1) R. L. 535; Gale's Stat. 584.

By the appropriation of the land of an individual to the use of the public, under the Internal Improvement law, and the law "*Concerning the Right of Way*," the land thus taken becomes vested in the State upon payment of the damages; and the original owner is from thenceforth divested of all right and title to the land. In justice, and in law, therefore, he should receive full compensation; the measure of which would be, not merely the value of the land of which he has been deprived, but, also, all damage which may result from the appropriation and use of his land, by the State; such, for example, as the breaking up or destruction of a convenient arrangement of his farm, or the necessity of additional fencing, &c. In short, every injury and inconvenience sustained by the claimant, constitutes an item of the aggregate amount of damage which he is entitled to recover.

On the other hand, it is with equal justice required that the additional value that may be given to the land of an individual, by the construction of a public road or canal over it, shall be taken into consideration, and if it is believed by the assessors to be equal to or greater than the estimated damage the owner will sustain by reason of the construction of the road, &c., he will, in that event, be entitled to recover nothing. But if the enhanced value of the land retained shall fall short of the damage incurred by the owner, then he will be entitled to the difference between the injury sustained, on the one hand, and the benefit received, on the other.

This rule, prescribed by law, for the assessment of damages, when private property is taken for the use of the public, is an equitable one. The immediate benefit the individual may derive, is offset against the injury inflicted. It has been contended, however, that the increased value which the system of Internal Improvements was supposed to give to lands generally, should also be taken into consideration, and offset against the damages sustained by the appropriation of private property for public use; but such a rule would be unjust and partial.

If an additional value is given to all the lands in the country by the Internal Improvement system, the benefit is, and should be, common, inasmuch as it is acquired at the common expense; but this would not be the case, if one man is required to give up a portion of his land for this general advantage, in addition to the payment of his proportion of the expense of the system.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*